UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARK THOMSEN,

        Plaintiff,

   v.

SACRAMENTO METROPOLITAN FIRE DISTRICT, LOCAL 522 UNION, PAT MONAHAN, an individual, BRIAN RICE, an individual, MATT KELLEY, an individual, GREG GRENADOS, an individual, and DOES 1-50, inclusive,

        Defendants.
_____/

NO. 2:09-cv-01108-FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Sacramento Metropolitan Fire District (the "District"), Greg Grenados, and Matt Kelly's motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff Mark

---

[1] On January 25, 2010, plaintiff filed a notice of voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a) of his claims against Local 522 Union, Pat Monahan, and Brian Rice.

1

Thomsen ("plaintiff") opposes the motions. For the reasons set forth below,[2] defendants' motions to dismiss are GRANTED in part and DENIED in part.

**BACKGROUND**

At all relevant times, plaintiff was employed by the Sacramento Metropolitan Fire District, which operates in the County of Sacramento. (Pls.' 3d Am. Compl. ("TAC"), filed Nov. 4, 2009, [Docket # 26], ¶ 1.) In February 2006, Fire Chief Don Mette ("Mette") assigned him to the District's Special Investigations Unit. (Id. ¶ 10.) Plaintiff claims that in this capacity he worked under the District's General Counsel Dick Margarita ("Margarita"), assisted with personnel investigations, and conducted background checks on persons seeking employment with the District. (Id.)

In late September 2006, plaintiff received an email from a previous female employee (the "former employee") stating that she had been wrongfully terminated. (Id. ¶ 14.) Plaintiff alleges that Margarita instructed him to contact the former employee and have her discuss the matter with Margarita, plaintiff, and Pat Monahan ("Monahan"). (Id.) Plaintiff claims that as a result of this investigation, Mette advised the District's Board of Directors (the "Board") to approve a settlement with the former employee. (Id.) Around September 28, 2006, plaintiff claims he was asked to attend a late-night meeting at which he was advised to keep silent on the issue. (Id. ¶ 16.) Plaintiff further

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

claims that around the time of the meeting, Mette accused him of discussing the former employee's complaint with others and ordered him to keep the issue secret. (Id. ¶ 18.)

Within a few days of the meeting, plaintiff was removed from the Special Investigations Unit, allegedly because he had violated Mette's order not to discuss the former employee's complaint. (Id. ¶ 19.) Around October or November 2006, plaintiff met with the Board to discuss his concern that the former employee's case was not properly investigated. (Id. ¶ 21.) Plaintiff made inquiries as to why the former employee's complaint had not resulted in an outside investigation. (Id. ¶ 23.)

On December 2, 2006, plaintiff alleges he was placed on administrative leave pending an investigation into an allegation that he had committed a felony by altering a patient's report. (Id. ¶ 24.) Plaintiff contends that he was put on leave as a result of his investigation into the former employee's situation. (Id. ¶ 25.) While on administrative leave, plaintiff was asked to attend a meeting on December 14, 2006, with the President and Vice President of the Local 522 Union (the "Union"). (Id. ¶ 28.) Plaintiff claims that during the meeting he was told he would be fired if he continued to ask questions about the former employee and continued to "push" with regard to his pending disciplinary case. (Id.)

On December 31, 2006, an article appeared in the Sacramento Bee, reporting that Margarita had signed an affidavit in a superior court action, alleging that plaintiff had committed a felony by materially altering a public report. (Id. ¶ 29.)

1  Plaintiff claims he had not received a Notice of Intent to
2  Discipline at this time, and as far as he knew, an investigation
3  of the alleged felony had never been completed.  (Id.)
4       On January 2, 2007, plaintiff retained counsel to protect
5  his interests.  (Id. ¶ 30.)  Around the same time, plaintiff
6  claims his counsel notified every Board member of their duties to
7  plaintiff.  (Id. ¶ 31.)  Plaintiff also alleges he and his
8  counsel requested the right to speak about the investigation to
9  the Board, but the Board, through Mr. Kelly, was non-responsive
10 and failed to place the issue on the Board's agenda.  (Id.)
11      Plaintiff also sent a confidential letter to the Board,
12 indicating his suspicions of a cover-up by Mette, Margarita,
13 Chavez, Monahan, and Rice.  (Id.)  Plaintiff alleges that Greg
14 Grenados ("Grenados") breached plaintiff's confidence by
15 informing Mette and Margarita of plaintiff's suspicions regarding
16 the investigation and circumstances surrounding his alleged
17 felony.  (Id.)
18      Subsequently, plaintiff notified the Attorney General about
19 the District's lack of investigation into the former employee's
20 situation.  (Id. ¶ 32.)  Plaintiff claims that on or about
21 January 17, 2007, four to six armed men knocked forcefully on his
22 residential door.  (Id. ¶ 33.)  Plaintiff alleges these armed men
23 were employed by the District and were directed by Margarita
24 and/or Mette to instill terror on plaintiff's family.  (Id.)
25      On February 14, 2007, plaintiff was advised of the
26 District's intent to dismiss him.  (Id. ¶ 34.)  On Friday, March
27 23, 2007, plaintiff and his counsel attended a pre-disciplinary
28 hearing, conducted by Deputy Chief Geoffrey Miller.  (Id. ¶ 35.)

4

1  Plaintiff and his attorney gave Deputy Chief Miller a twelve page
2  letter with six attachments, all of which allegedly demonstrated
3  that plaintiff's termination was unsupported by facts or law.
4  (Id.)  Plaintiff claims that Mette and Margarita ignored his
5  letter, and notified him through a letter the following Monday,
6  that he was terminated as of that date.  (Id. ¶ 36.)

7  Plaintiff claims that he subsequently initiated and won an
8  arbitration proceeding. (Id. ¶ 38.)  Shortly thereafter, in
9  November 2008, plaintiff was informed that his employment would
10 be suspended. (Id. ¶ 39.)  Plaintiff then filed a complaint with
11 the District, which was denied on August 24, 2007.  (Id. ¶¶ 38-
12 40.)

13 Plaintiff filed a Complaint in the Superior Court of
14 California for the County of Sacramento on February 22, 2008.
15 The action was removed to this court on April 22, 2009.  On
16 October 20, 2009, the court issued an order granting Local 522
17 Union, Pat Monahan, and Brian Rice's motion to dismiss as to
18 several causes of action and granting in part and denying in part
19 a motion to dismiss by the District.  Plaintiff filed his third
20 amended complaint on November 4, 2009.  The third amended
21 complaint asserts claims for negligence, negligent infliction of
22 emotional distress, intentional infliction of emotional distress,
23 civil conspiracy, violation of California Labor Code § 1102.5,
24 violations of the California Brown Act §§ 54963 and 54954.3, and
25 violations of 42 U.S.C. § 1983 based on the First and Fourteenth
26 Amendments.
27 /////
28 /////

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual

6

1  allegations, "it demands more than an unadorned, the defendant-
2  unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  A
3  pleading is insufficient if it offers mere "labels and
4  conclusions" or "a formulaic recitation of the elements of a
5  cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at
6  1950 ("Threadbare recitals of the elements of a cause of action,
7  supported by mere conclusory statements, do not suffice.").
8  Moreover, it is inappropriate to assume that the plaintiff "can
9  prove facts which it has not alleged or that the defendants have
10 violated the . . . laws in ways that have not been alleged."
11 Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
12 of Carpenters, 459 U.S. 519, 526 (1983).
13      Ultimately, the court may not dismiss a complaint in which
14 the plaintiff has alleged "enough facts to state a claim to
15 relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949
16 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570
17 (2007)).  Only where a plaintiff has failed to "nudge [his or
18 her] claims across the line from conceivable to plausible," is
19 the complaint properly dismissed. Id. at 1952.  While the
20 plausibility requirement is not akin to a probability
21 requirement, it demands more than "a sheer possibility that a
22 defendant has acted unlawfully." Id. at 1949.  This plausibility
23 inquiry is "a context-specific task that requires the reviewing
24 court to draw on its judicial experience and common sense." Id.
25 at 1950.
26 /////
27 /////
28 /////

7

**ANALYSIS**

**A.   Section 1983 Procedural Due Process Claim Against District**

Plaintiff's ninth claim for relief is a claim under 42 U.S.C. § 1983 against the District for violation of plaintiff's due process rights as secured by the Due Process Clause of the Fourteenth Amendment. (Compl. ¶ 81.) Plaintiff alleges he did not receive a meaningful opportunity to be heard before being terminated by the District. Id. The District contends that plaintiff has failed to state a claim for relief because the pre-termination hearing provided sufficient due process.[3]

"The fourteenth amendment's guarantee of due process applies when a constitutionally protected liberty or property interest is at stake."[4]  Matthews v. Harney County, Or., Sch. Dist. No. 4, 819 F.2d 889, 891 (9th Cir. 1987) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). "[T]he fundamental requirement of due process is an opportunity to be heard at a meaningful time in a meaningful manner." Brady v. Gebbie, 859 F.2d 1543, 1554 (9th Cir. 1988) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). In the public employment context, there is a strong presumption that an employee is entitled to a pre-termination hearing. Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 778 (9th Cir. 1982).

---

[3] The District contends that plaintiff is not claiming that the initial hearing was inadequate, but that he should have had a second additional hearing before the full Board. The court views plaintiff's complaint as alleging that the pre-termination hearing was inadequate, and, therefore, plaintiff was required to have an additional pre-termination hearing. (Compl. ¶ 81).

[4] The District does not argue that plaintiff did not have a property interest in his position.

8

1    A pre-termination hearing does not comport with due process
2 if it does not provide the employee with a meaningful opportunity
3 to be heard prior to the decision-maker reaching its decision.
4 Matthews, 819 F.2d at 893-94.  "Due process of law [is not
5 present] where the state has gone through the mechanics of
6 providing a hearing, but the hearing is totally devoid of a
7 meaningful opportunity to be heard."  Id. (quoting Washington v.
8 Kirksey, 811 F.2d 561, 564 (11th Cir. 1987)) (alterations in
9 original); see also Brady, 859 F.2d at 1554 (upholding a jury
10 verdict finding a due process violation when the "jury could
11 reasonably infer from th[e] evidence that [the decision-maker]
12 had made up her mind about [plaintiff] before the meeting and
13 would have disregarded any evidence which [plaintiff] presented
14 in mitigation or rebuttal"); Bakalis v. Golemeski, 35 F.3d 318,
15 326 (7th Cir. 1994) ("Certainly, a body that has prejudged the
16 outcome cannot render a decision that comports with due
17 process.").

18    In the present case, viewing the allegations in the light
19 most favorable to him, plaintiff has pled a claim for relief
20 under § 1983 for deprivation of his right to due process.
21 Plaintiff's pre-termination hearing occurred on March 23, 2007,
22 and was conducted by Deputy Chief Geoffrey Miller.  (Compl. ¶
23 35.)  Plaintiff alleges that on December 14, 2006, three months
24 earlier, his Union Vice President informed him that plaintiff's
25 termination letter "had already been written."  (Id. at ¶ 28.)
26 Plaintiff's pre-termination hearing occurred on a Friday.  (Id.
27 at ¶ 35.)  At this hearing, plaintiff provided Deputy Chief
28 Miller with a twelve page letter that included six exhibits.

9

(<u>Id.</u>)  On the following Monday, plaintiff received a letter informing him he was terminated.  (<u>Id.</u> at ¶ 36).  Given the shortness of time between the hearing and the receipt of the letter of termination and considering the statement made three months prior that his termination letter had already been written, plaintiff has sufficiently alleged facts to support his claim that the pre-termination proceedings offered to him were constitutionally inadequate because the decision to terminate plaintiff had already been made prior to the hearing.  <u>See</u> <u>Brady</u>, 859 F.2d at 1554.

Accordingly, the District's motion to dismiss plaintiff's ninth claim for relief is DENIED.

**B.   Claims Against Grenados and Kelly[5]**

  **1.   Brown Act § 54963**

Plaintiff's seventh claim for relief is for a violation of § 54963 of California's Brown Act against defendant Grenados. (Compl. ¶ 73.)  Plaintiff alleges that Grenados received a confidential packet of information in his capacity as a Board member and disclosed that confidential information to third parties.  (<u>Id.</u> at ¶¶ 73-74.)  Defendant Grenados moves to dismiss

---

[5]   Defendants Grenados and Kelly also move to dismiss plaintiff's first, second, and third claims for relief for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.  Defendant Kelly also moves to dismiss plaintiff's fourth claim for relief for civil conspiracy.  In his opposition, plaintiff wholly fails to address defendants' motions on these claims.  The court construes plaintiffs silence as a non-opposition to defendants' motions. Further, plaintiff did not request leave to amend these claims or proffer any argument in support of such a request.  Accordingly, Grenados and Kelly's motions to dismiss plaintiff's first, second, third, and fourth claims for relief are GRANTED without leave to amend.

this claim on the grounds that the Brown Act does not prevent the dissemination of such information under these circumstances.

The Brown Act (the "Act") was enacted "to ensure the public's right to attend the meetings of public agencies." Kleitman v. Superior Court, 74 Cal. App. 4th 324, 331 (1999) (quoting Freedom Newspapers, Inc. v. Orange County Employees Retirement System, 6 Cal. 4th 821, 825 (1993)); Cal. Gov't Code § 54950. Accordingly, the Act requires the legislative bodies of local government agencies to hold their meetings open to the public. Cal. Gov't Code § 54953; Kleitman, 74 Cal. App. 4th at 331. However, under certain statutorily defined circumstances, the legislative body may meet in closed session. Cal. Gov't Code § 54962. Section 54963 of the Act provides that a "person may not disclose confidential information that has been acquired by being present in a closed session . . . unless the legislative body authorizes disclosure of that confidential information." Id. § 54963(a). The statute defines "confidential information" as "a communication *made in a closed session* that is specifically related to the basis for the legislative body of a local agency to meet lawfully in closed session under this chapter." Id. § 54963(b) (emphasis added).

Plaintiff alleges that Grenados, as a member of the District's Board of Directors, violated § 54963 by disclosing to third parties confidential information which he had received in a "confidential packet" plaintiff had delivered to the Board. (Compl. ¶¶ 31, 73-74.) Based on the facts alleged in the complaint, the "confidential packet" plaintiff delivered to the Board could not plausibly be inferred to constitute confidential

11

information as defined by the statute.  Section (b) of the statute makes clear that the only communications which are confidential, and therefore cannot be disseminated, are communications made in a closed session of the Board.  Cal. Gov't Code § 54963(b).  Plaintiff makes no allegation that the packet was received during a closed meeting.  He only indicates that he "sent a confidential letter to the Board." (Compl. ¶ 31).  As such, plaintiff's complaint does not state a claim for violation of § 54963.

In plaintiff's opposition to the motion to dismiss, he requests leave to amend his complaint to allege that the information was discussed during a closed meeting and then later disseminated to third parties.  Pursuant to Rule 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a).  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).  Based upon the assertions in his opposition, plaintiff's amendment is neither futile nor sought in bad faith.

Accordingly, Mr. Grenados' motion to dismiss plaintiff's seventh claim for relief is GRANTED with leave to amend.

**2.   Brown Act § 54954.3**

Plaintiff's eighth claim for relief alleges that defendant Kelly, as president of the District's Board of Directors, violated § 54954.3 of the Brown Act by failing to allow plaintiff to address the Board. (Compl. ¶ 77-78.)  Plaintiff alleges that he made several attempts to address the Board but the Board

12

1  failed to place him on the agenda or otherwise let him address
2  them.  Id.  Defendant Kelly argues that plaintiff has failed to
3  state a claim because plaintiff has not alleged that he attended
4  a Board meeting and was denied an opportunity to speak.
5       Section 54954.3 of the Brown Act governs the public's
6  ability to address the legislative body.  Cal. Gov't Code §
7  54954.3.  It requires that "[e]very agenda for regular meetings
8  shall provide an opportunity for members of the public to
9  directly address the legislative body on any item of interest to
10 the public."  Id.  "The subdivision does not, however, require
11 the [legislative body] to allow members of the public to address
12 it on whether to place an item on the agenda."  Coal. of Labor,
13 Agric. & Bus. v. County of Santa Barbara Bd. of Supervisors, 129
14 Cal. App. 4th 205, 209 (2005).
15      Plaintiff does not claim that he attended a meeting of the
16 Board of Directors and was not allowed to give public testimony.
17 He claims only that he requested the Board to place the issue on
18 the agenda at a future Board meeting and the Board, specifically
19 Mr. Kelly, refused to do so.  (Compl. ¶ 31.)  There is no
20 requirement that a legislative body place an item on the agenda
21 because a member of the body's constituency requests that it do
22 so.  Coal. of Labor, Agric. & Bus., 129 Cal. App. 4th at 209.
23      In his opposition, plaintiff requests leave to amend to
24 clarify his claims under the Brown Act.  Because leave to amend
25 should be freely given, the court grants plaintiff leave to amend
26 to clarify his allegations regarding how the board denied him of
27 his opportunity to be heard under the Brown Act.
28 /////

Accordingly, Mr. Kelly's motion to dismiss plaintiff's eighth claim for relief is GRANTED with leave to amend.

### CONCLUSION

For the foregoing reasons, the District's motion to dismiss is DENIED. Defendants Grenados and Kelly's motions to dismiss are GRANTED. Plaintiffs are granted fifteen (15) days from the date of this order to file a fourth amended complaint with respect to his claims under the Brown Act. Defendants are granted thirty (30) days from the date of service of plaintiff's fourth amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: February 24, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE