IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK THOMSEN,

    Plaintiff,　　　　　　　　　　No. CIV S 09-1108 KJM EFB

    vs.　　　　　　　　　　　　　　ORDER

SACRAMENTO METROPOLITAN
FIRE DISTRICT,

    Defendant.

_____/

        On May 16, 2013, the court conducted a final pretrial conference. Nilesh Choudhary and Joel Rapaport appeared for plaintiff Mark Thomsen; Joseph Salazar appeared for defendant Sacramento Metropolitan Fire District.

        As discussed with counsel, the court hereby directs the parties to meet and confer about the following statements of undisputed and disputed facts, as some need clarification, others appear to be in conflict with other acts, and still others characterize questions of law as being questions of fact. In addition, as the facts are not arranged chronologically, they are confusing.

A. UNDISPUTED AND DISPUTED FACTS

Undisputed fact 14 says that "this information was revealed for the first time during the arbitration hearing," but does not clearly identify the information revealed.

Disputed fact 20 appears to conflict with undisputed fact number 3, except for the information about the raise.

Disputed fact 24, regarding plaintiff's reinstatement to the rank of captain and to a fire-house position appears to conflict with undisputed fact 6.

Disputed fact 25 appears to conflict with undisputed fact 14.

Disputed fact 33 is very difficult to understand and needs to be rewritten for clarity.

Disputed fact 38 identifies someone named Roseberry by last name only.

Disputed fact 39 mentions a report without identifying the report by subject or date.

Disputed facts 40, 43 and 46 appear to conflict with undisputed fact 9, at least on the question whether Chief Mette told plaintiff not to talk about the DH investigation.

The last part of disputed fact 47, apparently about the Board's duties to plaintiff, is unclear.

Disputed fact 52 is difficult to follow and offers a different spelling of Board Member Englenner's name than appears elsewhere.

Disputed fact 54 is unclear regarding Monahan's role in events. In addition, it is not clear that disputed facts 54 and 56 are relevant, as the union is no longer a defendant. If these facts are relevant, it is to the extent plaintiff claims that union officials were "acting at the behest and encouragement of Chief Mette and General Counsel Margarita," but the nature of the officials' actions appears to be undisputed. While the court currently assumes the relationship between and among the actors identified here is disputed, the parties should clarify all aspects of this matter.

        Disputed fact 60 does not provide a first name for Miller.

        Disputed fact 64 is not clear as to the relationship between Chavez and Margarita.

        Disputed facts 73 to 76 relate to plaintiff's claim that he was acting as a whistleblower. Some of the "facts" the parties claim are in dispute are actually questions of law or mixed questions of law and fact. *See, e.g., Anthoine v. North Cent. Counties Consortium*, 605 F.3d 740, 748 (9th Cir. 2010). These items should be revised accordingly.

        The parties are directed to file their corrections and clarifications by May 27, 2013.

B. OTHER MATTERS

        Motions in limine are due no later than May 24, 2013 by close of business; oppositions are due by May 29, 2013 by close of business.

        IT IS SO ORDERED.

DATED: May 20, 2013.

_____
UNITED STATES DISTRICT JUDGE