IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK THOMSEN, et al.,

      Plaintiffs,                    No. CIV S-09-1108 KJM AC

      v.

SACRAMENTO METROPOLITAN
FIRE DEPARTMENT, et al.,         ORDER

      Defendants.

_____/

      On June 3, 2013, the court heard argument on the parties' motions in limine. Nilesh Choudhary, Joel Rapaport, and Samuel Swenson appeared for plaintiff Mark Thomsen; Joseph Salazar, Jr. and Caitlin Colman appeared for defendant Sacramento Metropolitan Fire Department. The court addressed most motions on the record, but took two under submission.

I. <u>Defendant's Motion in Limine 3 (ECF No. 85)</u>

      Defendant argues that plaintiff cannot testify that he changed a record in the Department's computer to avoid a HIPAA violation because the interpretation of HIPAA requires expert testimony. Plaintiff argues this testimony shows that he changed the record in the good faith belief he was correcting a HIPAA violation. According to plaintiff, the notice of intent to discipline, which ultimately led to his termination, alleged plaintiff violated California Penal Code Section 502(c)(4), which provides in pertinent part that anyone who "[k]nowingly

1

accesses and without permission, adds, alters, damages, deletes, or destroys any data . . . which reside or exist internal or external to a computer, computer system, or computer network" is guilty of a public offense.  Although there is a requirement that the acts be undertaken "knowingly," plaintiff has not shown that there is any good faith exception to this mens rea requirement.

Although plaintiff does not cite to it, section 502(h)(1) provides that "[s]ubdivision (c) does not apply to punish acts which are committed by a person within the scope of his or her lawful employment.  For purposes of this section, a person acts within the scope of his or her employment when he or she performs acts which are reasonably necessary to the performance of his or her work assignment."  In *Chrisman v. City of Los Angeles*, 155 Cal. App. 4th 29, 36 (2007), the California Court of Appeal interpreted this section broadly to mean that "an employer's disapproval of an employee's conduct does not cast the conduct outside the scope of employment," in concluding that a police officer's using his work computer to search for information about celebrities did not violate subdivision (c)(7).  In that case, the evidence showed that the officer was entitled to access information about celebrities, among other information, but did so for a non-work related purpose.  In this case, in contrast, to show that plaintiff acted within the scope of his employment, he would have to show he had authority to alter documents to correct HIPAA violations, which in turn would require him to show that HIPAA was violated in the first place.

Under Rule 701 of the Federal Rules of Evidence, a lay witness may provide opinion testimony if it is rationally based on his perception, helpful to understanding his testimony or elucidating a fact at issue, and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  *See United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005) (stating that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life").  In *United States  v. Griffin*, 324 F.3d 330, 348 (5th Cir. 2003), the court said a lay witness's interpretation of a law her agency applied was improperly

admitted. In this case, a lay interpretation of HIPAA would not be the product of familiar, lay reasoning processes. *See, e.g., Chopourian v. Catholic Healthcare West*, Civ. No. S–09–2972 KJM KJN, 2011 WL 6396500, at *2 (E.D. Cal. Dec. 20, 2011) (recognizing the potential for jury confusion from explanation of HIPAA regulations). This motion is granted.

II. <u>Defendant's Motion in Limine 4 (ECF No. 86)</u>

Defendant seeks to preclude plaintiff from attempting to recover for lost opportunities for overtime and for emotional distress because plaintiff did not seek recovery for these things during the arbitration.

In opposition, plaintiff has submitted the declaration of Michael Rains, who represented plaintiff at the arbitration proceedings. Rains describes his experience generally handling arbitration proceedings and describes the scope of such proceedings. Defendant has objected to this declaration, arguing that plaintiff has not disclosed Rains as an expert. Without resolving the question of disclosure, the court declines to consider Rains' declaration, as the information Rains has provided is unnecessary to resolution of the motion.

The arbitration in this case was governed by the Memorandum of Understanding between the firefighters union and defendant. Article 35 governs the grievance procedure and provides that a "'grievance' is a dispute between one or more employees and the Fire District . . . . Such a dispute or complaint must relate to the interpretation, application, or enforcement of this MOU or an action of the District which relates to the benefits or working conditions of the employees . . . . Disciplinary actions taken by the District against an employee are included within the meaning of grievance." ECF No. 88-1 at 55. The grievance process has three steps, beginning with informal attempts to resolve the issue and then moving to attempted resolution by the Department's Human Resources Manager. "If the determination [at Step 2] is not satisfactory to the grievant, the Union may request that the matter be submitted to binding arbitration." *Id*. The MOU then describes the process for selecting the arbitrator and provides, "It shall be understood in disputes involving the interpretation of the MOU, that the arbitrator

will only interpret this Memorandum of Understanding and will not have the power to add to, delete from, or amend any part of this agreement." ECF No. 88-1 at 56.

While defendant did not provide a copy of the arbitrator's decision in this case, plaintiff did. The arbitrator defines the issue to be decided as, "Was Mark Thomsen terminated for proper cause? If not, what is the appropriate remedy?" ECF No. 101-1 at 384. He ultimately concluded that defendant had not shown by clear and convincing evident that it had proper cause to terminate plaintiff and ordered defendant to reinstate plaintiff "to his former position with full benefits and other rights to which he is entitled. The District is also ordered to reimburse Thomsen for lost salary and other benefits he would have received had he not been terminated without proper cause, less the amount of interim earnings." ECF No. 101-1 at 427-428.

In support of its argument that plaintiff is barred from seeking compensation for lost overtime, defendant relies on *Teamsters Local Union No. 760 v. United Parcel Serv., Inc*., 921 F.2d 218 (9th Cir. 1990). *Teamsters Local* was an action brought by the union under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), to enforce an arbitrator's decision. After noting the narrow scope of review available in such an action, the court said that the union had no right to relitigate in district court the arbitrator's own decision that by not seeking clarification whether the arbitrator's back pay award included overtime in a timely fashion, the union had waived the issue. *Id*. at 218, 220. Defendant has not explained how principles governing the review of an arbitration award under the LMRA governs this court's consideration of the issues in a case raising federal and state law causes of action. Similarly, it has not suggested that the arbitrator made a similar finding of waiver in this case, even if the narrow scope of review applied.

It may be that defendant is urging the court to apply principles of res judicata or collateral estoppel to plaintiff's damages claims for lost overtime and emotional distress, though it does not cite to that body of case law or explain whether this court should apply state or

federal law on preclusion. Neither body of law is friendly to defendant's position, as the United States Supreme Court and the California Courts of Appeal have strictly limited the preclusive effect of labor arbitrations. *See, e.g.*, *McDonald v. West Branch*, 466 U.S. 284, 292 (1984) (holding that a labor arbitration had no res judicata or collateral estoppel effect on a plaintiff's § 1983 claim); *Alexander v. Gardner-Denver Co*, 415 U.S. 36, 49 (1974) (holding that a labor arbitration did not bar the plaintiff from filing a Title VII action); *Taylor v. Lockheed Martin Corp*., 113 Cal. App. 4th 380, 385-87 (2003) (concluding that labor arbitration decision did not preclude action for retaliatory discharge absent an unmistakable waiver in the CBA of the right to bring such a suit); *Camargo v. Cal. Portland Cement Co*., 86 Cal. App. 4th 995, 1018 (2001) (holding that labor arbitration did not have preclusive effect on FEHA claim absent CBA's clear and unmistakable agreement to waive such actions); *but see Kelly v. Vons Co., Inc*., 67 Cal. App. 4th 1329 (1998) (giving preclusive effect to labor arbitration findings in suit raising common law causes of action). Moreover, defendant has presented nothing suggesting that plaintiff could even seek lost overtime and damages for emotional distress in the arbitration or that such issues were raised and litigated in the proceedings below. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1133 (9th Cir. 2012) (refusing to preclude retirees' damage claims when prior litigation brought by an association could not include claim for damages; "claim preclusion does not bar a second action for damages, when a damages remedy was unavailable in the first action").

        Accordingly, IT IS THEREFORE ORDERED that:

        1. Defendant's Motion in Limine No. 3, ECF No. 85, is granted; and

        2. Defendant's Motion in Limine No. 4, ECF No. 86, is denied.

DATED: June 6, 2013.

_____
UNITED STATES DISTRICT JUDGE