IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK THOMSEN, et al.,

     Plaintiffs,                    No. CIV S-09-1108 KJM AC

     v.

SACRAMENTO METROPOLITAN
FIRE DEPARTMENT, et al.,         ORDER

     Defendants.
_____/

        On June 3, 2013, the court heard argument on the parties' motions in limine. Nilesh Choudhary, Joel Rapaport, and Samuel Swenson appeared for plaintiff Mark Thomsen; Joseph Salazar, Jr. and Caitlin Colman appeared for defendant Sacramento Metropolitan Fire Department. The court also considered the defendant's motion for a protective order to redact names from the transcript of an interview with DH and asked the parties for authority on the propriety of redacting all the names in the transcript. Defendant filed a memorandum citing only to the court's Local Rules 140 and 141, which discuss privacy concerns, redaction and sealing. ECF No. 131. Plaintiff did not file further briefing.

        The court also ruled, in connection with the motions in limine, that plaintiff would be allowed to offer only a limited portion of the DH transcript at trial and directed the parties to meet and confer on identifying the excerpt. The court directs the parties to provide

1

their proposed excerpt to the court prior to the start of the hearing now set for June 7 at 10:30 a.m.

The court also directs the parties to be prepared to discuss at the June 7 hearing whether the entire transcript of the DH interview should be sealed and the propriety of redacting the names of the firefighters in the excerpt any party seeks to use at trial. *See generally United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (recognizing that third party privacy interests have been characterized as a common law exception to the presumption of access); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134-38 (9th Cir. 2003) (discussing the requirements for sealing documents at various stages in the litigation); *Gardner v. Newsday, Inc.* (*In re Newsday*), 895 F.2d 74, 79 (2d Cir. 1999) (acknowledging the privacy rights of third parties whose intimate relations may be disclosed in documents before the court); *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (stating that the privacy rights of innocent third parties should weigh heavily when a court considers access to documents); *In re Application of Nat'l Broadcasting Co, Inc.*, 653 F.2d 609, 614 (D.C. Cir. 1981) (stating that the fact that material was admitted into evidence and provided to the jury weighs heavily in favor of disclosure).

IT IS SO ORDERED.

DATED: June 6, 2013.

UNITED STATES DISTRICT JUDGE